**THOMAS BUCCHANNAN, by Jesse Green and Sarah, his Wife, Guardians, v. WILLIAM HUFFINGTON.**

**SAME v. JOHN HUFFINGTON.**

Court of Common Pleas.  Sussex.  May 2, 1798.

*Wilson's Red Book, 193:*\*

*Ridgely* and *Wilson* for plaintiff.  *Peery* and *Miller* for defendants.

Defendants' counsel began and, in going through their evidence, showed an office copy of a deed made by Levin Derickson, Commissioner, to James Bucchannan, dated October 23, 1780, acknowledged November 7, 1782; and to establish it against an

---

\* This case is also reported in *Rodney's Notes*, May, 1798.

objection, which was to be made to it by plaintiff's counsel, proved plaintiff's father to have possessed part of the lands conveyed therein ever since 1780 until his death in 1789, and showed his will, regularly authenticated, wherein those lands were given to plaintiff, and proved possession [by] plaintiff's guardian ever since 1789.

*Wilson* objected to the office copy of the deed. This is only a copy by a private man, the officer is ministerial and has exceeded his powers, for the deed must be acknowledged and recorded within one year. The Act, 1 Body Laws 187, 189, says "so enrolled" etc., therefore no other is evidence. The intention in limiting this duty to one year is a wholesome one; by this means, questions on the execution of deeds and objections to them are hurried to a prompt, cheap, and early decision—which might otherwise be postponed with equal success in point of legal form until the grantor and the parties interested in such objection were dead. By this Act, also, private and fraudulent conveyances are prevented and exposed to the view of purchasers, [1] Morg.Ess. 160. *Inspeximus* of a deed which did not require enrolling is no evidence of the deed. There is no Act of Assembly requiring a deed to be acknowledged and recorded if the year has elapsed. The deed is good though never recorded (except mortgage deeds), but, if not recorded within the year, the recorder *quoad* such deeds is no recorder, and his book, much less a copy of it, is not evidence, except when it is become ancient, or when proved by him like any other private man upon proof of loss, or notice to produce the original. In *Peery's Lessee v. Burton* decided in the Supreme Court here, in *Penrose v. Dickerson* in the Common Pleas in Dover, or in *Pekah's Lessee v. Haughey* in the Circuit Court at Dover this objection has been received, or acknowledged as a valid one, and has been for several years considered in constant practice as a valid objection. This copy is not ancient, and the possession from 1780, if taken in connection with it, will only fortify an ancient paper, a presumption arising thence in favor of its antiquity. There has been no notice to produce, and, therefore, the copy cannot be proved and allowed on the ground that plaintiff has the original, nor can the copy be read on the ground of loss of the original, for it has not been proved to be lost.

*Peery.* Every man is supposed to be possessed of his own title deeds; as defendant does not claim under this deed, he is not presumed in possession of it, Bull.N.P. 252. In pleading, he who has the deed must show it, but not where another has the custody. If this is a true copy, it is the best evidence we have in our power, and it must be supposed a true copy since it is the act of plaintiff's father in procuring it to be recorded.

*Ridgely* read as cases to be used afterwards by himself: Bull. N.P. 254, a copy must be proved and notice, or be ancient with proof of possession; 3 P.Wms. 491, 461, Sid. 56, 11 Rep. t. H. 59, 64, 5 Bac.Abr. 641. Where there is a new law altering the common law and is affirmative, it implies a negative.

*Miller.* The design of the Act was that sales should be publicly known, therefore the intention of the Act does not affect the present case. This case is precisely in the same situation as if this copy was produced against James Bucchannan himself, and we are to be considered as offering a copy made by plaintiff himself, which must be evidence. If this objection is a good one, the Court of Common Pleas ought in no case to receive an acknowledgment after the year has elapsed from the execution of the deed, which would be in a great measure to prevent the beneficial effects of the Act. They constantly receive such deeds, and their receiving them is an authority to the recorder for the recording them. There is eighteen years possession proved (by plaintiff and his ancestor) and, being commensurate with this copy, is evidence of its authenticity.

Per Curiam. Bassett, C. J. Will defendants make affidavit they never saw the deed and do not know who has it?

They answered in the affirmative. Such affidavit was *instanter* drawn up, sworn to, signed, and filed.

*Ridgely.* This Act is special and particular, and the recorder is bound to act within its intent and meaning. All the cases mentioned, of *Peery's Lessee v. Burton, Penrose and Dickerson,* and *Pekah's Lessee v. Haughey* have admitted the validity of this objection. Taking this copy, then, as a private one, it should be proved after proof of notice, or else it should be ancient and accompanied with proof of possession, Bull.N.P. 252. A copy may be read on account of its antiquity, 1 Morg.Ess. 159. The copy must be sworn to and proved compared with the original, even when it is proved in the hands of the party. The acknowledgment will only bind Levin Derickson and not the grantee, otherwise any one person might fix a deed upon another and make him a tenant in common.

Per Curiam. Bassett, C. J. A majority of the Court are of opinion that this paper must go to the jury, and there have what weight it may in this cause. I have always thought a deed not recorded within the year was yet valid; cases differently circumstanced ought to be determined variously by the courts, and especially in matters of evidence. We know the rules of evidence are frequently varied from in favor of justice; it is owing to this

that we see so many exceptions to the rules. I have a case where it is said (in Viner's Abridgement, title, "Evidence") if a deed is twenty-five or thirty years old, it shall be evidence, yet this is not the best evidence. Every case must stand on its own circumstances. It is upon this general idea that a majority of the court are of opinion this deed must be read. In 2 Term 41 it is said a deed coming out of the other party's hands with notice must be read without proof. It is high time this point was settled. Here is an affidavit by defendants that they never saw the deed and do not know where it is. That being the case, how could they give notice to produce? There was no person to whom they could give notice. Another matter has great weight: it is in proof that James Bucchannan and his widow, and Mr. Green have had no possession as far as the date of the copy extends; there is no evidence of a prior possession. These things have induced us to make this exception to the general rule of evidence.

There was no charge. Verdict for defendants.

NOTE. Plaintiff's counsel were anxious to have taken an exception, but the guardian refused to prosecute a writ of error.